DECISION
 

 GAJARSA, Circuit Judge.
 

 Edward W. Schroeder appeals the February 8 and February 11, 1999 decisions of the United States Court of Appeals for
 
 *1267
 
 Veterans Claims (the CAVC),
 
 [1]
 
 No. 97-0131, denying his request for en banc review of his claim for direct service connection for bilateral eye disorder and affirming the Board of Veterans’ Appeals’ (the Board’s) determination that that claim was not well grounded. As part of his appeal to the CAVC, Schroeder successfully argued that his claim for service connection for bilateral eye disorder due to Agent Orange exposure was well grounded, and that claim was remanded to the Department of Veterans Affairs (the agency) for assistance in developing that claim. However, once a veteran has properly made out a well-grounded claim for a current disability as a result of a specific in-service disease or injury and the agency’s duty to assist pursuant to 38 U.S.C. § 5107(a) (1994)
 
 [2]
 
 attaches, the agency is required to investigate all possible in-service causes of that current disability, including those unknown to the veteran. Thus, we reverse the CAVC’s affirmance of the Board’s determination that Schroeder’s direct service connection claim for bilateral eye disorder was not well grounded and remand that claim to the agency and order the agency to assist the veteran in developing • that claim, in conjunction with his well-grounded claim based on Agent Orange exposure.
 

 BACKGROUND
 

 Schroeder was engaged in active military service from October 1948 to October 1949 and from January 1951 to March 1970. In 1987, Schroeder filed a claim for service connection for a cataract with blindness of the right eye resulting from in-service Agent Orange exposure. The Board of Veterans’ Appeals denied the claim, and Schroeder did not appeal.
 

 In July 1989, Schroeder filed an informal claim with the Board for service connection for “an eye condition” based on a new diagnosis of diffuse choroiditis, including a reference to Agent Orange.
 
 [3]
 
 The agency treated Schroeder’s submission as two new claims, one for direct service connection of a bilateral eye disorder, currently diagnosed as diffuse cho-roiditis (direct service connection claim), and a second for service connection for a bilateral eye disorder, currently diagnosed as diffuse choroiditis, associated with Agent Orange exposure (Agent Orange claim). In a September 30, 1996 decision, the Board determined that both the direct service connection claim and the Agent Orange claim were not well grounded within the meaning of 38 U.S.C. § 5107(a). In particular, the Board determined that Schroeder’s direct service connection claim failed not only because he had failed to provide competent medical evidence that he had incurred or aggravated the eye disorder in service, but also because of a lack of evidence of a nexus between his present eye disorder and any incident in service. Regarding his Agent Orange claim, the Board determined that although Schroeder had testified that he believed that he had been exposed to Agent Orange during his tour in Vietnam, he had provided only speculative medical evidence that his exposure to “something” during his overseas duty had caused his present eye disorder. Because Schroeder failed to
 
 *1268
 
 carry his burden of providing sufficient evidence to establish his claims as well grounded, thereby failing to invoke the agency’s duty to assist the veteran in developing his claims, the Board denied his claims for service connection for a bilateral eye disorder, diagnosed as diffuse cho-roiditis.
 

 Schroeder appealed to the CAVC. In a December 31, 1998 order, the CAVC severed the direct service connection claim from the Agent Orange claim, in response to a motion filed by Schroeder for en banc review of the direct service connection claim. Regarding the Agent Orange claim, the CAVC held that the Board had erred in finding that claim not well grounded as “[t]he veteran has submitted evidence of a current disability of diffuse choroiditis ... and a medical opinion that it is a ‘considerable possibility that the etiology of the veteran’s condition is due [to] his having been ‘exposed’ during his duty in Vietnam.” The CAVC vacated the Board’s determination that the Agent Orange claim was not well grounded and remanded that claim for “expeditious further development” and readjudication.
 

 In a February 8, 1999 order, the CAVC (en banc) denied Schroeder’s request for en banc review of his direct service connection claim, and noted that
 
 Epps v. Gober,
 
 126 F.3d 1464 (Fed.Cir.1997), controlled the case, was binding on the CAVC, and expressly rejected Schroeder’s contention that the agency’s duty to assist attached prior to the submission of a well-grounded claim pursuant to 38 U.S.C. § 5107(a). In a February 11, 1999 order, the CAVC (single judge opinion) affirmed the Board’s determination that the veteran’s direct service connection claim was not well grounded, citing the Federal Circuit’s decision in
 
 Epps
 
 as binding precedent on the CAVC. Schroeder now appeals the CAVC’s February 8 and February 11, 1999 orders.
 

 DISCUSSION
 

 A.
 

 We have limited jurisdiction in reviewing decisions of the CAVC. We may only review the validity or interpretation of any statute or regulation relied on by the CAVC in making its decision.
 
 See
 
 38 U.S.C. § 7292(a). In reviewing CAVC determinations, we decide “all relevant questions of law, including interpreting constitutional and statutory provisions.” 38 U.S.C. § 7292(d)(1). We will set aside a regulation or interpretation of a regulation relied upon by the CAVC that we find to be “(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitation, or in violation of a statutory right; or (D) without observance of procedure required by law.”
 
 Id.
 
 We review the CAVC’s legal determinations
 
 de novo. See Dittrich v. West,
 
 163 F.3d 1349, 1351 (Fed.Cir.1998) (citing
 
 Prenzler v. Derwinski,
 
 928 F.2d 392, 393 (Fed.Cir.1991)). We may not review factual determinations or the application of law to facts.
 
 See
 
 38 U.S.C. § 7292(d)(2);
 
 Anglin v. West,
 
 203 F.3d 1343, 1345 (Fed.Cir.2000).
 

 B.
 

 Section 5107(a) provides in relevant part:
 

 (a) [A] person who submits a claim for benefit under a law administered by the Secretary [of Veteran Affairs] shall have the burden of submitting evidence sufficient to justify a belief by a fair and impartial individual that the claim is well grounded. The Secretary shall assist
 
 such a claimant
 
 in developing the facts pertinent to the claim.
 

 38 U.S.C. § 5107(a) (emphasis added). In
 
 Epps v. Gober,
 
 this court interpreted section 5107(a) to require the veteran to submit a well-grounded claim before the agency’s duty to assist attached.
 
 See
 
 126 F.3d at 1467. That conclusion was based exclusively on the statutory language, i.e., that the phrase “such a claimant” in the second
 
 *1269
 
 sentence of section 5107(a) had its antecedent basis in the first sentence of section 5107(a).
 
 See id.
 
 at 1468. The court determined that “such a claimant” referred to “the claimant who has
 
 first
 
 met its burden of submitting a ‘well grounded’ claim. Thus, under § 5107(a), the [agency] has a duty to assist only those claimants who have established ‘well grounded’
 
 (i.e.,
 
 plausible) claims.”
 
 Id.
 
 at 1468-69. The court found the cited legislative history unclear.
 
 See id.
 
 at 1469.
 

 For a claim to be well grounded, there must be “(1) a medical diagnosis of a current disability; (2) medical, or in certain circumstances, lay evidence of in-service- occurrence or aggravation of a disease or injury; and (3) medical evidence of a nexus between an in-service disease or injury and the current disability.”
 
 Id.
 
 at 1468. Relying on
 
 Epps,
 
 the CAVC affirmed the Board’s determination that Schroeder’s direct service connection claim for bilateral eye disorder lacked medical evidence of in-service occurrence or aggravation of an eye disorder (second prong) as well as evidence of nexus (third prong), and thus Schroeder’s claim was not well grounded.
 

 Schroeder asserts that the CAVC erred in requiring him to identify multiple legal theories upon which he relied to support his claim for benefits. He argues that he filed
 
 one
 
 claim for service connection for bilateral eye disorder, and proposed two theories, Agent Orange exposure or some other unnamed toxic substance. He notes that he can only establish service connection for bilateral eye disorder
 
 once,
 
 and that the agency will only make
 
 one
 
 award for service connection for bilateral eye disorder. Thus, he should not be required to make each individual theory of his “claim” well grounded before the agency’s duty to assist attaches.
 

 In response, the Secretary relies on the “text and structure” of section 5107(a) and reiterates the
 
 Epps
 
 court’s analysis of when the agency’s duty to assist attaches once a well-grounded claim is presented. Insisting that evidence of an in-service disease or injury and evidence of a nexus between that in-service occurrence and the current disease is required before the agency’s duty to assist attaches, the Secretary does not address Schroeder’s contentions regarding what constitutes a “claim” directly. Rather, the Secretary equates the definition of a “well-grounded claim” as announced in
 
 Epps
 
 with the definition of “claim.”
 

 The agency’s own regulations define “claim” as an “application made under title 38, United States Code, and implementing directives for entitlement to Department of Veterans Affairs benefits
 
 [4]
 
 or for the continuation or increase of such benefits, or the defense of a proposed agency adverse action concerning benefits.” 38 C.F.R. § 20.3(f) (1999). The agency defines a “claim-application” as a “formal or informal communication in writing requesting a determination of entitlement or evidencing a belief in entitlement, to a benefit.”
 
 Id.
 
 § 3.1(p). These provisions defining what constitutes a “claim” are broadly worded and contain none of the restrictions the
 
 Epps
 
 court placed on a “well-grounded claim” upon which the Secretary relies.
 

 Given the agency’s own broad definition of what constitutes a “claim,” the Secretary has presented nothing to permit the agency to circumvent its obligation to assist the veteran in developing a claim of direct service connection for a current disease once the veteran has established a well-grounded claim for that same current disease.
 
 See
 
 38 C.F.R. § 3.103(a) (1999) (“Proceedings before VA are ex parte in nature, and it is the • obligation of VA to
 
 *1270
 
 assist a claimant in developing the facts pertinent to the claim and to render a decision which grants every benefit that can be supported in law while protecting the interests of the Government.”);
 
 id.
 
 § 3.103(c) (“It is the responsibility of the YA ... to explain fully the issues and suggest the submission of evidence which the claimant may have overlooked and which could be of advantage to the claimant’s position.”). Because agencies are required to follow their own regulations,
 
 see Torrington Co. v. United States,
 
 82 F.3d 1039, 1049 (Fed.Cir.1996), we determine that the CAVC erred by equating “well-grounded claim” with “claim” and by improperly imposing the criteria for establishing a “well-grounded claim” on Schroeder’s direct service connection claim for bilateral eye disorder. The agency’s duty to assist Schroeder in developing his direct service connection claim attached when it was determined that his Agent Orange claim was well grounded.
 
 Cf. Hayre v. West,
 
 188 F.3d 1327, 1332 (Fed.Cir.1999) (duty to assist attached upon the fifing of a well-grounded claim, but was not satisfied by a single request for records by the agency).
 

 Nothing in
 
 Epps
 
 requires that we adopt the restrictive reading of “claim” as urged by the Secretary. That case interpreted the “well-grounded claim” language in section 5107 and determined when the agency’s duty to assist attached to that well-grounded claim. We note that
 
 Epps
 
 did not involve the situation presented here, i.e., where a veteran properly presented a well-grounded claim for a current disability and jointly presented a direct service connection claim for that same disability based on an unknown in-service occurrence. Thus, the holding that the duty to assist attaches to other in-service causes once the veteran has initially established at least one in-service occurrence that is well grounded does not contravene the holding in
 
 Epps.
 

 Furthermore, our analysis comports with traditional notions of supplemental jurisdiction, whereby claims based on state law that could not originally be filed in federal court are permitted to be filed there if the state law claims are sufficiently related to a properly-brought federal claim:
 

 [I]n any civil action of which the district courts have original jurisdiction, the district court shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.
 

 See
 
 28 U.S.C. § 1367;
 
 see also 3D Sys., Inc. v. Aarotech Lab., Inc.,
 
 160 F.3d 1373, 1377 (Fed.Cir.1998) (trade libel and unfair competition claims based on state law go “hand-in-hand” with federal patent infringement claims and may be brought in federal district court). The notions of efficiency of judicial economy and avoidance of “piecemeal litigation” provide the basis for supplemental jurisdiction.
 
 See, e.g., Mars Inc. v. Kabushiki-Kaisha Nippon Conlux,
 
 24 F.3d 1368, 1372 (Fed.Cir.1994). Those practical notions operate in an entirely similar way in the context of well-grounded claims and agency assistance. Schroeder’s direct service connection claim went “hand-in-hand” with his Agent Orange claim, both being based on the same current disability, i.e., bilateral eye disorder. As long as Schroeder established that his Agent Orange claim was well grounded, thus satisfying the requirements of
 
 Epps,
 
 he was entitled to agency assistance in developing
 
 all
 
 claims related to his bilateral eye disorder.
 

 Finally, we note that the claim form upon which Schroeder filed his claim, Veterans Administration Form OMB No. 2900-0001, under the heading “Nature and History of Disabilities,” only requires the claimant to identify “the nature of [the] sickness, disease or injuries for which this claim is made and [the] date each began.” As Schroeder correctly points out, this form only asks the veteran to specify the first prong of what constitutes a well-
 
 *1271
 
 grounded claim, i.e., the current disability. The form does not ask the veteran to specify an in-service occurrence or aggravation of a disease or injury, let alone a nexus between the in-service disease or injury and the current disability, i.e., the second and third prongs, respectively, of what constitutes a well-grounded claim.
 
 See Epps,
 
 126 F.3d at 1468. If we were to agree with the Secretary that a “claim” is equivalent to a “well-grounded claim,” then this form is misleading and insufficient in not clearly requesting the necessary information from the veteran.
 

 In summary, we hold that once a veteran has properly made out a well-grounded claim for a current disability as a result of a specific in-service occurrence or aggravation of a disease or injury, the agency’s duty to assist pursuant to section 5107(a), as further explained in 38 C.F.R. §§ 3.102
 
 &
 
 3.103, attaches to the investigation of
 
 all
 
 possible in-service causes of that current disability, including those unknown to the veteran.
 

 C.
 

 Sehroeder cites new extrinsic evidence concerning legislative intent and intervening CAVC decisions that according to Sehroeder compel us to revisit the holding in
 
 Epps
 
 concerning when the agency’s duty to assist attaches. In particular, Sehroeder cites a 1983 White Paper, congressional testimony, excerpts from a Veterans Benefits Administration Report, the Adjudication Procedure Manual M21-1, and the intervening CAVC decisions in
 
 Elkins v. West,
 
 12 Vet.App. 209 (1999) (en banc),
 
 Winters v. West,
 
 12 Vet.App. 203 (1999) (en banc), and
 
 Morton v. West,
 
 12 Vet.App. 477 (1999). Our decision in
 
 Epps
 
 forecloses Schroeder’s argument regarding the alleged misinterpretation of section 5107(a) as only the Federal Circuit sitting en banc can overturn a prior panel decision.
 
 See Vas-Cath Inc. v. Mahurkar,
 
 935 F.2d 1555, 1563 (Fed.Cir.1991).
 

 D.
 

 Sehroeder also argues on appeal that
 
 Epps
 
 did not decide the issue as to whether the agency is completely foreclosed from assisting a veteran who has failed to submit a well-grounded claim, i.e., whether the agency has the authority to assist a claimant who has failed to submit a well-grounded claim. We have held that we will not consider legal arguments that were not clearly raised before the CAVC.
 
 See Boggs v. West,
 
 188 F.3d 1335, 1337-38 (Fed.Cir.1999) (citing
 
 Singleton v. Wulff,
 
 428 U.S. 106, 120, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976)). It is undisputed that the proviso of section 5107(a), namely the language “[ejxcept when otherwise provided by the Secretary in accordance with the provisions of this title,” was not specifically argued before the CAVC as a basis for conferring authority on the agency to provide assistance to claimants who have not filed well-grounded claims. Moreover, we note that the CAVC’s recent decision in
 
 Morton v. West,
 
 12 Vet.App. 477 (1999), directly addressed this issue, including the argument regarding the language of the proviso, and is now on appeal to the Federal Circuit. Under these circumstances, we will not consider Schroeder’s argument as to whether the agency is foreclosed from assisting a veteran who has failed to submit a well-grounded claim and decline from commenting on the merits of such an argument.
 

 CONCLUSION
 

 The CAVC erred in its interpretation of what constitutes a “claim,” thereby erroneously requiring a veteran to produce evidence of all in-service causes of a current disability in order to trigger section 5107(a)’s duty to assist. Because the veteran need only establish that one of his claims is well grounded before the duty to assist attaches, the decision of the CAVC is reversed and the case remanded to the agency to assist the veteran in developing his claim for bilateral eye disorder, in order to determine whether Schroeder’s dis
 
 *1272
 
 ability was caused by in-service exposure to Agent Orange or some other unknown substance.
 

 REVERSED
 
 and
 
 REMANDED.
 

 COSTS
 

 Each party to bear its own costs.
 

 [1]
 

 . On March 1, 1999, the name of the United States Court of Veterans Appeals was changed to the United States Court of Appeals for Veterans Claims pursuant to the enactment of the Veterans Programs Enhancement Act of 1998, Pub.L. No. 105-368, § 511, 112 Stat. 3315, 3341. We refer throughout this opinion to the court by its new name although at the time of the proceedings and decisions here reviewed, it was not yet so named.
 

 [2]
 

 . Unless otherwise specified, citations to the United States Code correspond to the 1994 edition.
 

 [3]
 

 .At the same time, Schroeder also filed a claim for back problems, in particular, a lum-bosacral spine disorder, with mild, left-sided sciatic neuropathy, evaluated as 20% disabling. The Board denied an increased rating for the back problems. The CAVC, however, reversed this denial and remanded the claim for back problems to the agency for consideration of an intervening, precedential opinion of the VA General Counsel. This aspect of the CAVC’s September 20, 1996 decision is not at issue in the present appeal.
 

 [4]
 

 . We also note that the agency's own regulations broadly define "benefit” as "any payment, service, commodity, function, or status, entitlement to which is determined under laws administered by the Department of Veterans Affairs pertaining to veterans and their dependents and survivors.” 38 C.F.R. § 20.3(e) (1999).