# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 97-1057

LAVEINA C. DAVIS, APPELLANT,

V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before HOLDAWAY, STEINBERG, and GREENE, *Judges.*

## O R D E R

In a panel opinion dated November 19, 1999, *Davis v. West*, 13 Vet.App. 178 (1999), the Court affirmed the March 1997 and April 1998 decisions of the Board of Veterans' Appeals (Board) which denied the appellant's claim for service connection of the veteran's death from cardiorespiratory failure due to lung cancer and gastrointestinal bleeding; and denied service connection for of the veterans' cause of death due to cigarette smoking. The Court held that the cigarette smoking claim was not well grounded under 38 U.S.C. § 5107(a) as it then existed. The appellant subsequently appealed, through counsel, to the U.S. Court of Appeals for the Federal Circuit (Federal Circuit).

In an order dated October 17, 2000, the Federal Circuit vacated this Court's opinion in this case and remanded the appeal on the basis of *Schroeder v. West*, 212 F.3d 1265 (Fed. Cir. 2000) (once a veteran has properly made out a well-grounded claim for a current disability as a result of a specific in-service occurrence or aggravation of a disease or injury, the agency's duty to assist attaches to the investigation of all in-service causes of that current disability).

Subsequent to the Federal Circuit remand, on November 9, 2000, the Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, 114 Stat. 2096 (2000) (VCAA), was enacted. The VCAA, inter alia, amended 38 U.S.C. § 5107 (a) to eliminate the well-grounded-claim requirement. VCAA, § 4, 114 Stat. at 2098-99 (to be codified at 38 U.S.C. § 5107 (a)); *see Luyster v. Gober*, 14 Vet.App. 186 (2000) (per curiam order). Pursuant to section 7 (a)(2) of the VCAA, the amendment to 38 U.S.C. § 5107 is applicable to "any claim. . . filed before the date of the enactment of [the VCAA] and not final as of that date." Therefore, a remand for readjudication in light of the enactment of the VCAA is required, as well as a remand on the basis of *Schroeder*, *supra*, as provided for in the Federal Circuit's opinion.

On remand, the appellant is free to submit additional evidence and argument necessary to the resolution of his claims. *See Kutcherousky v. West*, 12 Vet.App. 369, 372-73 (1999) (per curiam order). The Board shall proceed expeditiously. *See* Veterans' Benefits Improvements Act, Pub. L. No. 103-446, § 302, 108 Stat. 4645, 4658 (1994) (found at 38 U.S.C. § 5101

note) (requiring Secretary to provide for "expeditious treatment" of claims remanded by Board or Court); *Drosky v. Brown*, 10 Vet.App. 251, 257 (1997).

Upon consideration of the foregoing, it is

ORDERED that the March 1997 and April 1998 decisions of the Board are VACATED and the matters are REMANDED to the Board for further proceedings consistent with this order and the opinion of the Federal Circuit.

DATED:    August 29, 2001        PER CURIAM.