STEINBERG, Judge,
concurring in part and dissenting in part:
I join in the Court’s opinion with the exception of part II.D.3. and the amount of the total reduction in part III. I cannot agree to the conclusion reached by the Court, in the exercise of its discretion based on the facts of this case, to exclude all hours that the Court guesstimates were attributable to the appellant’s argument that the Federal Circuit’s opinion in Epps v. Gober, 126 F.3d 1464 (Fed.Cir.1997), should be overruled. Nor do I find reasonable the Court’s calculations that 41.75 hours were attributable to the Epps issue.
On the first point, the rules of the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) provide in Rule'35(a)(2):
Arguing to a Panel to Overrule a Precedent
Although only the court en banc may overrule a binding precedent, a party may argue, in its brief and oral argument, to overrule a binding precedent without petitioning for hearing en banc. The panel will decide whether to ask the regular active judges to consider hearing the case en banc.
Fed. Cir. R. 35(a)(2). Although it is true, as the majority states, ante at 501-02, that the Federal Circuit pointed out that the panel could not overrule Epps in this case, that court’s Rule 35(a)(2) specifically permits such argument to a panel as a method of reaching the en banc court. Fed. CiR. R. 35(a)(2). Therefore, I do not believe that the appellant’s attorney reasonably could have anticipated that such briefing to a panel of a potential en banc issue would be considered as unreasonable by this Court. In the future, it would seem, attorneys may wish to temper the amount of effort, or at least be prepared to accept less than full EAJA fees for such effort, devoted to presenting such arguments to Federal Circuit panels. But we are dealing with what was reasonable in the instant case, and, although I would not object to some reduction for the Epps matter — especially because some of the arguments presented may have been presented in other cases appealed to the Federal Circuit — I believe that this Court’s decision to eliminate all such hours is unwarranted. This total reduction seems particularly unreasonable because soon after the Federal Circuit issued its opinion in Hensley v. West, 212 F.3d 1255 (2000), that court, sitting en banc, issued an order in Brock v. Gober, in which it set for oral argument the question of overruling Epps; it therefore appears that the Epps argument was far from “futile”, as the majority suggests, ante at 502. Brock v. Gober, 222 F.3d 988, 989 (Fed.Cir.2000) (en banc).[1]
Regarding the number of hours, 41.75, that the Court disallows for the Epps arguments, the Court rejects approximately *504 50% of the 32.5, 32.25, and 18 hours that counsel spent working on the principal and reply briefs and preparing for oral argument, respectively. However, the EAJA application reveals that, with two exceptions (March 19 and June 29, 1999), the hours claimed involved multiple tasks or actually made no direct or indirect reference to the Epps matter. Although I find no basis for the 50% reduction, counsel for the appellant invited such arbitrary action by failing to provide adequate specificity in the fee itemization included in the application.
For the foregoing reasons, I dissent from the Epps reduction and, hence, from the calculation of the total amount reduced.

. With the enactment of the Veterans Claims Assistance Act of 2000, Pub.L. No. 106-475, 114 Stat.2096 (VCAA), on November 9, 2000, the issues set for oral argument in Brock were mooted and hence were never decided, and a panel of the Federal Circuit vacated our opinion in Brock v. Brown, 10 Vet.App. 155 (1997), and remanded "to allow [this Court] to consider the application of the VCAA”. Brock v. Principi, No. 95-444, 2001 WL 324596 at *1 (Vet.App. Mar.29, 2001) (single-judge order).