**NORTH AMERICAN VAN LINES, INC., Plaintiff,**

v.

**ATLANTIC TRANSFER & STORAGE CO. and Executive Relocation Systems, Inc., Defendants.**

**C.A. No.: 2:06–3486–PMD.**

United States District Court,
D. South Carolina,
Charleston Division.

April 11, 2007.

Robert Daniel Moseley, Jr., Leatherwood Walker Todd and Mann, Greenville, SC, for Plaintiff.

David Popowski, David Popowski Law Office, Charleston, SC, for Defendants.

## ORDER

DUFFY, District Judge.

This matter is before the court on Defendant Atlantic Transfer & Storage Co.'s ("Atlantic") motion to dismiss the first cause of action in Plaintiff North American Van Lines, Inc.'s ("NAVL") Complaint for lack of jurisdiction. For the following reasons, Atlantic's motion is denied.

## BACKGROUND

The facts of this case, as alleged in the Complaint, are as follows:

NAVL provides interstate transportation services for the general public. (Complaint, ¶ 6.) On May 28, 1997, NAVL entered into a contract (the "Agreement") with Atlantic in which Atlantic agreed to act as the independent agent of and for NAVL in the local markets in and around Charleston, South Carolina. (Complaint, ¶ 8.) As part of the Agreement, NAVL licensed and granted to Atlantic for the duration of the Agreement the right to use NAVL's official marks and trade dress on their vehicles and other products. (Com-

plaint, ¶ 35.) NAVL had registered these official marks on the principal register of the United States Patent and Trademark Office. (Complaint, ¶ 30.) Pursuant to the Agreement, Atlantic had an "account" with NAVL. (Complaint, ¶ 10.) Payment of all amounts due on the account were to be made to NAVL in the State of Illinois. (Complaint, ¶ 11.)

On October 3, 2005, NAVL was informed that Atlantic was making use of NAVL's official marks in the course of Atlantic's regular business operations and was diverting interstate shipments from NAVL to Executive Relocation Systems, Inc. ("Executive"). (Complaint, ¶ 38.) Shortly thereafter, the Agreement was terminated as of November 28, 2005. (Complaint, ¶ 12.) At the time of termination, Atlantic had an unpaid balance on its account with NAVL in the amount of $36,023.34.

On December 12, 2006, NAVL filed a Complaint in federal court seeking recovery against Atlantic and Executive for: (1) the amount due under the Agreement with Atlantic ($31,899.03); (2) breach of duty of good faith and fair dealing; (3) violations of the South Carolina Unfair Trade Practices Act, S.C.Code § 39–5–10, *et seq.;* (4) trademark infringement under the Lanham Trademark Act, 15 U.S.C. § 1116, *et seq.;* (5) false designation of origin in violation of the Lanham Act, 15 U.S.C. § 1125(a); (6) trademark dilution in violation of the Lanham Act, 15 U.S.C. §§ 1117(a), 1118, and 1125(c); and (7) interference with contractual relations. The Complaint asserted that this court has subject matter jurisdiction over the federal claims by virtue of 28 U.S.C. §§ 1331 and 1338(a), and has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

Defendant Atlantic now moves that the first cause of action for breach of contract be dismissed for lack of jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. It is uncontested that the court does not have original jurisdiction over this state law breach of contract cause of action. Atlantic argues this court also does not have supplemental jurisdiction over this claim because it does not arise under facts common to the asserted federal claims.

## STANDARD OF REVIEW

When evaluating a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) on the grounds that the complaint fails to state facts upon which jurisdiction can be founded, "all the facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *Adams v. Bain,* 697 F.2d 1213, 1219 (4th Cir.1982). The plaintiff has the burden of proving jurisdiction, and the court may go beyond the face of the complaint and consider evidence without converting the motion into one for summary judgment. *See Williams v. United States,* 50 F.3d 299, 304 (4th Cir.1995); *Richmond, Fredericksburg & Potomac R. Co. v. U.S.,* 945 F.2d 765, 768 (4th Cir. 1991).

## ANALYSIS

■ 28 U.S.C. § 1331 provides that the federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Further, the federal district courts specifically have original jurisdiction over civil actions arising "under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks." 28 U.S.C. § 1338(a).

Where a federal district court has original jurisdiction over a properly-brought federal claim, the court also has supplemental jurisdiction over "all other claims that are so related to the federal claim that they form part of the same case or controversy under Article III of the United States Constitution." *See* 28 U.S.C. § 1367(a). State and federal claims are part of the same case or controversy if they "derive from a common nucleus of operative fact." *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

In this case, the court clearly has "original jurisdiction" over NAVL's fourth, fifth, and sixth causes of action, which assert federal claims under the Lanham Act for trademark infringement. The issue, then, is whether NAVL's first cause of action, which alleges that Atlantic is liable for payment of sums due under the Agreement, arises from a common nucleus of operative fact as these trademark infringement claims.

■ According to the Complaint, in addition to requiring Atlantic to make certain payments, the Agreement also provided Atlantic with a limited license to use the very same trademarks and trade dress at issue in the fourth, fifth, and sixth causes of action. The Complaint alleges, however, that Atlantic used these marks in a manner unauthorized by the Agreement, in violation of federal trademark statutes. Hence, the trademark infringement claims and the breach of contract claim both require the court to interpret the Agreement and to consider the series of events leading to the termination of the Agreement. The court finds that these claims are therefore part of the "same case or controversy" and derive from a "common nucleus of operative fact." In factually analogous cases involving alleged violations of federal statutes governing patents and trademarks,

federal courts routinely exercise supplemental jurisdiction over related state law claims. *See Crater Corp. v. Lucent Techs., Inc.,* 423 F.3d 1260, 1264 (Fed.Cir.2005) (where district court had original jurisdiction over patent infringement claim, court also exercised supplemental jurisdiction over state law claims of breach of contract and misappropriation of trade secrets); *3D Sys., Inc. v. Aarotech Lab., Inc.,* 160 F.3d 1373, 1377 (Fed.Cir.1998) (trade libel and unfair competition claims based on state law go "hand-in-hand" with federal patent infringement claims and may be brought in federal district court).

Judicial economy supports the exercise of jurisdiction under these circumstances. While the breach of contract claim raises additional issues, it would be unjust and inefficient to require the parties to litigate this cause of action in a separate state court action. Accordingly, the court will exercise jurisdiction over NAVL's first breach of contract claim. *See Promisel v. First Am. Artificial Flowers,* 943 F.2d 251, 254 (2d Cir.1991), *cert. denied,* 502 U.S. 1060, 112 S.Ct. 939, 117 L.Ed.2d 110 (1992) (noting that the exercise of supplemental jurisdiction over state law claims is not automatic, but "is a favored and normal course of action."); *see also Schroeder v. West,* 212 F.3d 1265, 1270 (Fed.Cir.2000) ("The notions of efficiency of judicial economy and avoidance of 'piecemeal litigation' provide the basis for supplemental jurisdiction.").

■■■■ Atlantic also argues that because NAVL's breach of contract cause of action is identical to NAVL's first counterclaim in an action currently pending in state court [C.A. No.: 06–CP–10–4224, *Atlantic Transfer & Storage Co. v. North American Van Lines, Inc.*], the breach of contract "claim in this suit appears to be nothing

more than an attempt to shift the forum of Defendant Atlantic Transfer's suit against Plaintiff on account for $66,219.08 that was filed approximately two (2) months earlier on October 25, 2006, in the South Carolina Court of Common Pleas for the Ninth Judicial Circuit in Charleston, South Carolina."[1] The court notes, however, that frequently the same matter involving the same parties is simultaneously litigated in state and federal courts. Although such duplicative proceedings are wasteful of both state and federal courts' resources-whichever court decides first will bind the other-the Supreme Court has held that federal courts need not dismiss or stay an action on account of the existence of parallel litigation in state court. *See e.g., Stanton v. Embrey,* 93 U.S. 548, 554, 23 L.Ed. 983 (1876). As one commentator has explained,

> In part, this reflects the view that requiring federal court dismissal would give litigants a powerful tool to keep cases out of federal court or remove cases to state court simply by filing a parallel suit in state court. Also requiring federal courts to relinquish jurisdiction when there are concurrent proceedings in state court would favor state courts over federal courts—a presumption inconsistent with Congress's creation of federal jurisdiction and one that is not supported by any statutory authority.

Erwin Chemerinsky, *Federal Jurisdiction* 843 (2003). Accordingly, the fact that NAVL's breach of contract cause of action is identical to a counterclaim asserted in a parallel state court proceeding is no reason for its dismissal.

### CONCLUSION

For these reasons, it is hereby **ORDERED** that Defendant Atlantic Transfer

---

1. In fact, NAVL's first *three* causes of action in this case are identical to the counterclaims NAVL asserted in the state action initiated by Atlantic.

& Storage Co.'s motion to dismiss Plaintiff North American Van Lines, Inc.'s first cause of action is **DENIED.**

**AND IT IS SO ORDERED.**