NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7123

STEVE DENAULT,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

Steve Denault, of Larimore, North Dakota, pro se.

William P. Rayel, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were Peter D. Keisler, Assistant Attorney General, Jeanne E. Davidson, Director, and Deborah A. Bynum, Assistant Director. Of counsel on the brief were Michael J. Timinski, Deputy Assistant General Counsel, and Liza M. Davis, Attorney, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge John J. Farley, III

NOTE:  This disposition is nonprecedential

# United States Court of Appeals for the Federal Circuit

2007-7123

STEVE DENAULT,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED:  July 16, 2007

_____

Before RADER, BRYSON, and MOORE, <u>Circuit Judges</u>.

PER CURIAM.

The United States Court of Appeals for Veterans Claims (CAVC) affirmed the denial of service connection for Mr. Steve Denault's tinnitus.  <u>Denault v. Nicholson</u>, No. 05-1593 (Vet. App. Nov. 3, 2006); <u>Denault v. Nicholson</u>, No. 05-1593 (Vet. App. Nov. 30, 2006). Because this court does not have a statutory grant of jurisdiction to rule on this appeal, this court must <u>dismiss</u>.

I

Mr. Denault served in the United States Army from June 1980 to July 1982. In August 1996, he filed a claim for service connection for tinnitus alleging he suffered acoustic trauma due to artillery fire.  In December of 1996, the Department of Veterans

Affairs (VA) conducted an audiological examination. Finding Mr. Denault's responses inconsistent, the VA conducted a second audiological examination in January 1997. The VA denied Mr. Denault's claim in February 1997 and again in April 1997 after Mr. Denault's submission of new evidence. In January 2002, Mr. Denault attempted to reopen his claim. The VA's regional office declined to reopen his claim. After filing a Notice of Disagreement and a review by a decision review officer, Mr. Denault received another audiological examination in April 2003. Mr. Denault's responses were again inconsistent.

Mr. Denault then appealed to the Board of Veterans' Appeals (Board). He submitted a private audiological examination report. The examiner in that report indicated that Mr. Denault's tinnitus may correlate to his exposure to noise while in the military. On review of Mr. Denault's records, the Board found Mr. Denault had presented new and material evidence to reopen his claim. The Board, however, weighed the evidence and found no service connection for Mr. Denault's tinnitus. Thereafter, Mr. Denault appealed to the CAVC. The CAVC affirmed the Board finding that the Board did commit clear error in assessing credibility and weight of the evidence. Denault v. Nicholson, No. 05-1593, slip op. at 3 (Vet. App. Nov. 3, 2006).

II

This court reviews the validity of statutes used by the Veterans Court and the court's interpretation of those statutes. Epps v. Gober, 126 F.3d 1464, 1466 (Fed. Cir. 1997); 38 U.S.C. § 7292(d) (2006). This review includes questions of jurisdiction. 38 U.S.C. § 7292(d)(1)(C). This court, however, does not review factual determinations by

the Veterans Court or that court's application of law to factual situations. 38 U.S.C. § 7292(d)(2) (2006).

In his appeal to this court, Mr. Denault requests that this court review the determinations by the VA and the Board which denied his claim for service connection for tinnitus. This court construes pro se pleadings liberally. Durr v. Nicholson, 400 F.3d 1375, 1380 (Fed. Cir. 2005). Nonetheless, even construing Mr. Denault's pleading liberally, this court understands Mr. Denault's request as an invitation to review the factual findings of the Board and the VA. Mr. Denault has not pointed to any allegedly incorrect regulatory, statutory, or constitutional interpretation. Therefore, Mr. Denault has not stated a claim over which this Court has jurisdiction. This court must dismiss his appeal.