﻿Citation Nr: AXXXXXXXX
Decision Date: 12/31/20 Archive Date: 12/31/20

DOCKET NO. 200131-60056
DATE: December 31, 2020

REMANDED

Entitlement to service connection for an acquired psychiatric disorder, to include post-traumatic stress disorder (PTSD), is remanded.

REASONS FOR REMAND

The Veteran served on active duty from July 1969 to October 1971.

This appeal is before the Board of Veterans’ Appeals (Board) from a November 2019 rating decision from a Department of Veterans Affairs (VA) Regional Office.

This case is being reviewed according to the appellate process set forth under the Appeals Modernization Act (AMA). 84 Fed. Reg. 138, 169 (Jan. 18, 2019); 38 C.F.R. § 19.2.

The procedural history of this case is as follows: in November 2019, the Agency of Original Jurisdiction (AOJ) issued a rating decision that ultimately denied the Veteran’s claim. In December 2019, the Veteran filed a notice of disagreement (NOD) to the November 2019 rating decision. However, in January 2020, the Veteran submitted a VA Form 10-182 NOD and selected the Direct Review Option. At this point the Veteran’s claims entered the modernized AMA system. See 38 C.F.R. § 19.2. Under the direct review option, the Board is permitted to review only the evidence considered by the AOJ in the November 2019 rating decision. 38 C.F.R. §§ 19.2(d), 20.301.

The Board notes that although the Board cannot consider additional evidence, which includes a December 2019 statement from the Veteran’s spouse, the Board can consider any and all arguments submitted by the Veteran or his representative after October 31, 2019 as it constitutes argument and not evidence. See generally Schroeder v. West, 212 F.3d 1265 (Fed. Cir. 2000); Buckley v. West, 12 Vet. App. 76, 83 (1998).

Service connection for an acquired psychiatric disorder

The Veteran seeks entitlement to service connection for an acquired psychiatric disorder, to include PTSD.

Turning to the evidence of record, the service treatment records (STRs) reveal that on June 17, 1971 a medical record indicates he appeared, “very disturbed and somewhat agitated.” On June 18, 1971 a medical record indicates he was experiencing anxiety and a separate note states, “may be having an extra-marital affair.” 

His service personnel records (SPRs) reveal the Veteran’s overall performance level decreased during his service. First, a September 1970 evaluation determined his overall performance to be a “7/9.” Second, a March 1971 evaluation determined his overall performance dropped to a “5/9.” Third, a September 1971 evaluation determined his overall performance dropped to a “4/9.” A September 1971 memorandum indicates the Veteran was recommended for discharge for his “apathy and defective attitude.” Another September 1971 memorandum also indicates he was “habitually tardy” and that his “apathetic attitude [has] carried over into his daily activities.” Lastly, the SPRs indicate the Veteran received an honorable early separation from service due to his poor performance and disciplinary actions.

In July 2019, the Veteran submitted a statement to the Board relating to in-service experiences of trauma. Specifically, that while training in fire prevention that he had to enter a burning building and extinguish the fire and that “it was an unexpected and frightening experience.” Additionally, that several other instances of fighting fires occurred between May 1970 and March 1971.

In October 2019, the Veteran underwent a VA initial PTSD examination which included a review of the claims file, a recitation of complaints and medical history, and physical examination results. The examiner determined the Veteran did not meet the diagnostic criteria for PTSD under the DSM-5 criteria. The examiner also diagnosed the Veteran with persistent depressive disorder. The report determined multiple symptoms applied to his depressive disorder which included but are not limited to depressed mood, anxiety, disturbances of motivation and mood, and impaired impulse control.

After a review of the claims file, the Board finds that the evidence of record is inadequate for the VA to render an opinion. 

The Board acknowledges the October 2019 VA PTSD examination report; however, the examiner did not render a medical opinion as to the etiology of the Veteran’s acquired psychiatric disorder. Although the examiner ultimately determined the Veteran did not meet the criteria for a diagnosis of PTSD, the report should have also included a nexus opinion as to the etiology of the Veteran’s diagnosed depressive disorder. The Veteran displayed symptoms arguably indicative of a mental disorder in service, and currently has a diagnosis of a mental disorder. 

Thus, the Board finds that an AOJ pre-decisional duty to assist error occurred in obtaining the October 2019 VA examination of the Veteran as the VA examination’s nexus opinion is inadequate for adjudication purposes as the VA examiner did not address the etiology of the Veteran’s diagnosed depressive disorder. As such, a remand is required to address whether the Veteran’s acquired psychiatric disorder was caused by or related to his active duty service.

This matter is remanded for the following actions:

1. Obtain an addendum opinion from the VA psychiatrist identified in the October 2019 VA examination. If that psychiatrist is not available, obtain an addendum opinion from another qualified VA psychiatrist to address the etiology of any currently diagnosed mental disorder, and respond to the question below in formulating an opinion.

Whether it is at least as likely as not (at least 50 percent probability or greater) that any of the Veteran’s psychiatric/mental disorders are causally or etiologically related to the Veteran's active service, to include symptoms of being disturbed and agitated, and experiencing anxiety, as well as his decrease in performance and ultimate discharge for poor performance?

If the examiner cannot provide an opinion without resorting to speculation, she shall provide complete explanations stating why this is so. In so doing, the examiner shall explain whether any inability to provide a more definitive opinion is the result of a need for additional information, or that she has exhausted the limits of current medical knowledge in providing an answer to that particular question.

2. After the above is completed, readjudicate the Veteran’s claim.

 

LLOYD CRAMP

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Law Clerk, Tyler R. Masters

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.