**Keith L. KERN, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 92–460.

United States Court of Veterans Appeals.

March 10, 1993.

James E. Phillips was on the brief, for appellant.

James A. Endicott, Jr., Gen. Counsel, David T. Landers, Acting Asst. Gen. Counsel, Thomas A. McLaughlin, Deputy Asst. Gen. Counsel, and Adrienne Koerber were on the pleadings, for appellee.

Before KRAMER, MANKIN and HOLDAWAY, Associate Judges.

HOLDAWAY, Associate Judge, filed the opinion of the Court, in which MANKIN, Associate Judge, joined.

KRAMER, Associate Judge, filed a dissenting opinion.

HOLDAWAY, Associate Judge:

Appellant, Keith L. Kern, appeals from a December 5, 1991, decision of the Board of Veterans' Appeals (BVA or Board) which denied service connection for human immunodeficiency virus (HIV) infection. Appellant asks the Court to reverse the Board's factual findings as "clearly erroneous," and to remand his claim for the Board to determine whether he was wrongfully discharged from the Army Reserve, and if so, to reassign him to his Reserve unit with compensation for lost wages. Additionally, appellant requests the Court set a fifteen-year presumptive period for Acquired Immunodeficiency Syndrome. The Secretary of Veterans Affairs (Secretary) has moved

for summary affirmance. The Court holds that summary disposition is inappropriate because this case is not one "of relative simplicity" under the criteria in *Frankel v. Derwinski*, 1 Vet.App. 23, 25–26 (1990).

## BACKGROUND

Appellant had active service in the Army from August 1983 to July 1986. After separation, he joined the Army Reserve and has been certified as having active duty for training from June 7 to June 19, 1987. Appellant's entrance and separation examinations from his first period of service were normal. Service Medical Records (SMRs) indicate that appellant suffered from pseudofolliculitis barbae (ingrown beard) from September 1983 to August 1985. In February 1986, appellant showed an abnormal blood pressure and he was counseled on reducing health risks. In March 1986, he was given a test for HIV. However, complete test results were not available. Appellant was given a hematology test in April 1986. The results of the hematology test indicated a white blood cell count below normal. On November 14, 1987, appellant tested positive for HIV. Appellant avers that he contracted HIV through intercourse with women who frequented the Army base. He claims that he engaged in too many sexual encounters to know who transferred HIV to him. Appellant was discharged from the Army Reserve shortly after testing positive for HIV.

In August 1988, appellant submitted an application for compensation or pension for HIV. On March 16, 1989, the Department of Veterans Affairs (formerly the Veterans' Administration) (VA) Regional Office (RO) denied service connection for HIV. Appellant submitted a Notice of Disagreement with the VARO's decision in July 1989. In December 1989, the BVA remanded appellant's claim for the VARO to obtain his SMRs. On April 18, 1990, after obtaining and reviewing appellant's SMRs, the VARO concluded that there was no evidence connecting appellant's HIV with service, and denied his claim. On August 9, 1990, the Board reviewed appellant's claim and noted that the results of the March 1986 HIV test were not available. Consequently, the BVA remanded appellant's claim with directions for the VARO to obtain all SMRs, including the results of all specialized blood testing. In response to the Board remand, in July 1991, the VARO obtained appellant's treatment records, dated between October 1986 and October 1989, from the Memphis VA Medical Center (VAMC). The VARO attempted to obtain the results from appellant's 1986 HIV test; however, it was informed that no other SMRs were available. The VARO determined that the VAMC clinical records indicated that appellant was treated for an eye disorder and hemorrhoids, but that there was no indication that HIV was contracted during service. On December 5, 1991, the BVA determined that all relevant and available evidence had been obtained and that there was no evidence linking appellant's HIV with his military service. *Keith L. Kern*, BVA 91–41341, at 3 (Dec. 5, 1991).

## ANALYSIS

■ The Court will deal summarily with appellant's request for reinstatement in the Army Reserve, and his request that the Court set a fifteen-year presumptive period for HIV cases. Reinstatement in the Army Reserve is a matter neither the Secretary nor the Court in its judicial oversight of veterans benefits has any jurisdiction over. Such matters are exclusively within the purview of the military establishment. Similarly, the Court cannot establish presumptive periods since the Court's jurisdiction is limited to reviewing the legal and factual sufficiency of the Board's decisions. *See generally* 38 U.S.C.A. § 7252(b) (West 1991).

■ With respect to appellant's claim that the BVA's finding of no evidence that he contracted HIV in service was clearly erroneous, the issue presented is one of fact. It is not the function of the Court to determine whether appellant's HIV was contracted during service, but rather to decide whether the factual determinations made by the Board constitute clear error.

*Gilbert v. Derwinski,* 1 Vet.App. 49, 53 (1990); *see* 38 U.S.C.A. § 7261(a)(4) (West 1991). "[U]nder the 'clearly erroneous' rule, this Court is not permitted to substitute its judgment for that of the BVA on issues of material fact; if there is a 'plausible' basis in the record for the factual determinations of the BVA ... [the Court] cannot overturn them." *Id.*

■ The Court holds that the BVA's denial of service connection for HIV is not "clearly erroneous." The Board obtained and reviewed all available clinical evidence. Appellant's clinical evidence, including SMRs, show no indication of HIV during appellant's first period of service or during active duty for training. Given the fact that appellant did not test positive for HIV until late 1987, and the lack of evidence connecting HIV exposure with service, the Court finds a plausible basis for the BVA decision.

■ Finally, the Court notes that it cannot consider the medical evidence presented in appellant's brief. This evidence was not presented to the BVA, and, therefore, may not be considered by the Court. *See Rogozinski v. Derwinski,* 1 Vet.App. 19, 20 (1990). Moreover, appellant's attorney is not qualified to provide an explanation of the significance of the clinical evidence. *Espiritu v. Derwinski,* 2 Vet.App. 492, 495 (1992). The same is true of the appellant's unsupported averment that he contracted HIV while in the Army. The possibility that he might have contracted HIV in the service is a medical judgment that can only be made by medical professionals.

In this case, there simply is no medical evidence linking appellant's HIV to service. The Board's denial of service connection for HIV is AFFIRMED.

KRAMER, Associate Judge, dissenting:

Appellant had active service from August 1983 to July 1986, and has been certified as having active duty for training from July 7, 1987 to July 19, 1987. R. at 54; *Keith L. Kern,* BVA 91–41341, at 2 (Dec. 5, 1991). The record on appeal reveals the following relevant information. First, ap-pellant had abnormal white and red blood cell counts on April 16, 1986. R. at 43, 87. Second, appellant was tested for HTLV–III antibody on March 17, 1986. R. at 50. The record does not contain the results of that test, and the BVA decision incorrectly states that the "[t]he veteran's separation examination in March 1986 does not show that HIV testing was undertaken." *Kern,* BVA 91–41341, at 3. Third, appellant tested HIV antibody positive on November 14, 1987. R. at 48, 53.

As appellant's claim is well-grounded within the meaning of 38 U.S.C.A. § 5107(a) (West 1991); *Kern,* BVA 91–41341, at 3, the duty to assist was triggered. Because the VA was unable to locate the results of appellant's in-service HTLV–III test, the BVA had a heightened obligation to assist in this case. *See O'Hare v. Derwinski,* 1 Vet.App. 365, 367 (1991); *Smith v. Derwinski,* 2 Vet.App. 147, 148 (1992). As a consequence, an expert medical opinion should have been obtained to address whether appellant's HIV infection had its onset in service. *See Littke v. Derwinski,* 1 Vet.App. 90, 92–93 (1990); *Moore v. Derwinski,* 1 Vet.App. 401, 405–06 (1991); *Wilson v. Derwinski,* 2 Vet.App. 16, 21 (1991).