# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 05-0612

JIMMIE L. DIXON, APPELLANT,

v.

R. JAMES NICHOLSON,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Decided     December 22, 2006     )

*Richard Robert James*, of Glen Allen, Virginia, was on the brief for the appellant.

*Tim S. McClain*, General Counsel; *R. Randall Campbell*, Assistant General Counsel; *Richard Mayerick*, Deputy Assistant General Counsel; and *Ralph G. Stiehm*, all of Washington, D.C., were on the brief for the appellee.

Before LANCE, DAVIS, and SCHOELEN, *Judge*s.

SCHOELEN, *Judge*: The appellant, Jimmie L. Dixon, through counsel, appeals an August 3, 2004, Board of Veterans' Appeals (Board) decision determining that he was not entitled to restoration of disability compensation benefits withheld because of his incarceration for conviction of multiple felonies. Record (R.) at 1-7. Also pending before the Court are Mr. Dixon's motions for oral argument and to take judicial notice of judgment orders of the U.S. District Court for the Northern District of Texas (U.S. District Court), and the Secretary's corresponding motion to strike references to these judgment orders in Mr. Dixon's brief because they are outside the record on appeal. Because the Board erroneously determined that Mr. Dixon's felony convictions were not "overturned on appeal," the decision on appeal will be reversed and the matter will be remanded for further proceedings consistent with this opinion. The motion for oral argument will be denied. Because the pending motions to take judicial notice and to strike portions of Mr. Dixon's brief both pertain to issues that the Court will not address in this appeal, both motions will be denied as moot.

# I. BACKGROUND

Mr. Dixon served on active duty in the U.S. Army from June to October 1975 and in the U.S. Marine Corps from February to November 1976. R. at 11, 13. He was discharged from the Marine Corps after an acute schizophrenic episode. R. at 124. He was subsequently awarded service connection for schizophrenia effective on the date of discharge from the Marine Corps and assigned a 100% disability rating. R. at 338. His rating was later reduced to 30%, but effective June 30, 1997, his rating was increased to 70%. R. at 560.

In March 1997, Mr. Dixon was indicted on five counts of robbery, assault, kidnapping, and firearms violations in the U.S. District Court. R. at 514, 517. He was tried and convicted in 1998 on all five counts, but on appeal, in an August 16, 1999, opinion, the U.S. Court of Appeals for the Fifth Circuit (Fifth Circuit) reversed the conviction on all counts and remanded the matter for a new trial. *United States v. Dixon*, 185 F.3d 393 (5th Cir. 1999). In 2000, Mr. Dixon was subsequently retried and convicted on all five counts. R. at 598. On appeal a second time, the Fifth Circuit affirmed his conviction on all five counts and his sentence as to two of the five counts, but vacated his sentence as to the other three counts and remanded the matter for resentencing on those counts. *United States v. Dixon*, 273 F.3d 636 (5th Cir. 2001). The record suggests that Mr. Dixon has been incarcerated continuously since his 1997 arrest. *See* Appellant's Brief (Br.) at 7-8 n.7; *see also* R. at 491, 499, 505-07.

In November 1998, a VA regional office (RO) notified Mr. Dixon by letter of a reduction in his benefits based upon his conviction of multiple felonies. R. at 565-66. That letter states that the date of confinement after conviction was July 7, 1998, and that his disability compensation rate would be reduced to the 10% rate provided in 38 U.S.C. § 1114(a), effective the 61st day after confinement, which the RO determined was September 5, 1998. R. at 565. The letter also notified Mr. Dixon that he would be paid at the 10% rate and that the withheld disability compensation benefits that were not payable to him may be apportioned to his dependents. *Id.* In an October 1998 letter to the RO, Mr. Dixon requested that an apportionment be granted to his dependents. R. at 567. April 2002 and January 2003 letters from the RO indicate that benefits were apportioned, but there is no additional information of record regarding the apportionment. R. at 608, 620.

In a March 2000 letter, Mr. Dixon requested "the veterans benefits I am not receiving because of a criminal conviction." R. at 575. He cited the Fifth Circuit's August 16, 1999, decision reversing his convictions, and he specifically requested benefits back to August 16, 1999. *Id.* In a June 2000 letter, the RO responded to Mr. Dixon's request stating that, because he was still incarcerated, his benefits could not be paid to him. R. at 577. Mr. Dixon continued to send letters to the RO requesting the restoration of benefits withheld as a result of his incarceration for conviction of a felony, and the RO continued to respond by stating that he remained incarcerated and was not entitled to any additional benefits. *See* R. at 579-608. In July 2002, Mr. Dixon filed a Notice of Disagreement (NOD) with the RO's decision. R. at 610-12.

Consideration of his NOD was deferred while the RO requested an opinion of the regional counsel. R. at 615. In February 2003 the regional counsel opined that, because Mr. Dixon had never been released from incarceration, the requirements for resumption of payments had not been met. R. at 617-19. In March 2003, the RO issued a Statement of the Case, stating that, although Mr. Dixon's conviction had been reversed and remanded, it was simply remanded for a new trial. R. at 635. Because he had not been released from incarceration and because "his conviction was not overturned on appeal," the RO determined that no restoration of disability compensation benefits was warranted. *Id.* In April 2003, Mr. Dixon filed a Substantive Appeal to the Board. R. at 637.

In the August 3, 2004, decision presently on appeal, the Board determined that the restoration of benefits from August 16, 1999, to May 17, 2000, was not warranted. R. at 1-7. The Board found that the Fifth Circuit's August 1999 reversal of Mr. Dixon's conviction "does not meet the definition of the conviction being 'overturned on appeal'" because his case was simply remanded to the trial court, where he was convicted on retrial. R. at 6. The Board also observed that, because he was not released from incarceration during that period, "the criteria for resumption of payment of compensation were never met." *Id.* The Board Chairman denied reconsideration of the Board's decision. R. at 655-57. This appeal followed.

## II. APPLICABLE LAW

The payment of disability compensation benefits to a veteran incarcerated for conviction of a felony is limited by 38 U.S.C. § 5313, which provides in pertinent part:

3

(a)(1) . . . [A]ny person who is entitled to compensation . . . and who is incarcerated in a Federal, State, or local penal institution for a period in excess of sixty days for conviction of a felony shall not be paid such compensation . . . , for the period beginning on the sixty-first day of such incarceration and ending on the day such incarceration ends, in an amount that exceeds–

> (A) in the case of a veteran with a service-connected disability rated at 20 percent or more, the rate of compensation payable under section 1114(a) of this title . . . [.]

. . . .

(b)(1) All or part of the compensation not paid to a veteran by reason of subsection (a) of this section may, as appropriate in an individual case, be apportioned under the same terms and conditions as are provided under section 5307 of this title.

The Secretary has implemented section 5313 in 38 C.F.R. § 3.665 (2006), which provides in pertinent part:

> (a) *General.* Any person . . . who is incarcerated in a Federal, State or local penal institution in excess of 60 days for conviction of a felony will not be paid compensation . . . in excess of the amount specified in paragraph (d) of this section beginning on the 61st day of incarceration. . . .
>
> (b) *Definitions.* . . . The term *release from incarceration* includes participation in a work release or halfway house program, parole, and completion of sentence. . . .
>
> . . . .
>
> (d) *Amount payable during incarceration*–(1) *Veteran rated 20 percent or more.* A veteran to whom the provisions of paragraph[] (a) . . . of this section apply with a service-connected disability evaluation of 20 percent or more shall receive the rate of compensation payable under 38 U.S.C. § 1114(a).
>
> . . . .
>
> (e) *Apportionment*–(1) *Compensation.* All or part of the compensation not paid to an incarcerated veteran may be apportioned to the veteran's spouse, child or children and dependent parents on the basis of individual need. . . .
>
> . . . .
>
> (i) *Resumption upon release*–(1) *No apportionment or family reunited.* If there was no apportionment at the time of release from incarceration, or if the released person is reunited with all dependents for whom an apportionment was granted, the released person's award shall be resumed the date of release from incarceration if the Department of Veterans Affairs receives notice of release within 1 year following release; otherwise the award shall be resumed the date of receipt of notice of release. . . . Payment to the released person shall then be resumed at the full rate from date of last payment to the apportionee. Payment to the released person from date of release to date of last payment to the apportionee shall be made at the rate which is the difference between the released person's full rate and the sum of (i) the rate that was payable to the apportionee and (ii) the rate payable during incarceration.
>
> . . . .

4

(m) *Conviction overturned on appeal.* If a conviction is overturned on appeal, any compensation . . . withheld under this section as a result of incarceration for such conviction (less the amount of any apportionment) shall be restored to the beneficiary.

Essentially, section 5313 and § 3.665 provide for reduced disability compensation payments to veterans incarcerated for conviction of a felony. Specifically, for veterans with disabilities rated 20% or higher, benefits are reduced to the equivalent of the 10% rate set forth in 38 U.S.C. § 1114(a), effective the 61st day after incarceration. The benefits withheld may be apportioned to the veteran's dependents. Upon release from incarceration, payment of full benefits is resumed. The Secretary has specifically established by regulation that, if the conviction is overturned on appeal, all benefits withheld as a result of the conviction will be restored to the veteran less any amount that was apportioned.

## III. ANALYSIS

### A. Parties' Arguments

Mr. Dixon presents four arguments on appeal. First, he argues that the Board erred by concluding that the Fifth Circuit's August 1999 reversal of his conviction did not meet the definition of "overturned on appeal" for the purposes of restoration of benefits under 38 C.F.R. § 3.665(m). Appellant's Br. at 9-15. Second, he argues that the Board erred by considering only whether he was entitled to restoration of benefits from August 16, 1999, to May 17, 2000, and not the period from the effective date of the reduction (September 5, 1998) until the 61st day after entry of judgment and commitment to confinement after the second trial (September 5, 2000). *Id.* at 15-24. Third, he argues that, if the Court does not find that restoration is warranted, the Board's statement of reasons or bases was inadequate. *Id.* at 24-27. Finally, he argues that VA did not provide adequate notice under 38 U.S.C. § 5103(a) of the evidence necessary to document the dates of his conviction, sentencing, and confinement. *Id.* at 27-29.

The Secretary concedes that the Board erroneously concluded that the Fifth Circuit's August 1999 reversal of Mr. Dixon's conviction did not constitute a conviction "overturned on appeal" for the purposes of restoration of benefits pursuant to 38 C.F.R. § 3.665(m). Secretary's Br. at 6-7. The Secretary asserts that the Court should not address Mr. Dixon's arguments that he is entitled to

restoration of benefits withheld prior to August 16, 1999, because he raises that argument for the first time on appeal to this Court and because, at all stages of the proceedings before VA, he specifically sought only restoration of benefits withheld after August 16, 1999. *Id.* at 7-9. Moreover, the Secretary argues that the 61st day of incarceration for conviction of a felony is the 61st day of incarceration after pronouncement of guilt, and not the 61st day after the date of sentencing. *Id.* at 9-13. Finally, the Secretary asserts that remand is necessary in order to determine the appropriate dates for restoration of benefits. *Id.* at 13-15.

In reply, the appellant reiterates the arguments in his principal brief. He stresses that the Court should specifically order restoration of any benefits withheld between September 5, 1998, and September 5, 2000. Reply Br. at 6-12. He argues that remand would be superfluous because the Board would repeat the same errors. *Id.* at 12-13.

### B. Whether Mr. Dixon's Convictions Were "Overturned on Appeal"

The Court agrees with the parties that, for the purpose of restoration of withheld disability compensation benefits pursuant to § 3.665(m), the Board erroneously determined that Mr. Dixon's convictions were not "overturned on appeal" by the Fifth Circuit in August 1999. *See* Appellant's Br. at 9-15; Secretary's Br. at 4, 6, 13; Reply Br. at 1-2. The Board erred by focusing on whether Mr. Dixon remained incarcerated after his conviction was reversed. Simply stated, Mr. Dixon was not incarcerated for conviction of a felony after the Fifth Circuit reversed his conviction because he was no longer convicted of a felony until after the 2000 conviction on retrial. *See Poland v. Arizona*, 476 U.S. 147, 152 (1986) (stating the general rule that "when a defendant obtains reversal of his conviction on appeal, 'the original conviction has been nullified and "the slate wiped clean"'" (quoting *Bullington v. Missouri*, 451 U.S. 430, 442 (1981))); 46 Fed. Reg. 47,539, 47,541 (Sept. 29, 1981) (explaining that 38 C.F.R. § 3.665(m) "provide[s] for repayment of benefits withheld if conviction is reversed on appeal"). It is irrelevant whether Mr. Dixon was released from incarceration pending a new trial.

As Mr. Dixon states, the Board's initial error was its statement of the issue on appeal. Appellant's Br. at 9-11. The Board's statement of the issue on appeal was "[w]hether the reduction of the appellant's service[-]connected compensation from August 16, 1999, to May 17, 2000, due

6

to incarceration by reason of a felony conviction, was proper." R. at 1. Mr. Dixon has never disputed the propriety of the initial reduction.

What Mr. Dixon sought before the RO, the Board, and now before the Court, is the *restoration* of the benefits withheld as a result of the 1998 felony conviction that was reversed by the Fifth Circuit in August 1999. *See, e.g.,* R. at 579 (letter from Mr. Dixon stating that his conviction was "overturned"), 586 (same), 587 (attachment including text of 38 C.F.R. § 3.665(m)), 589 (letter seeking benefits for the period after his first conviction was overturned until he was convicted on retrial), 590 (letter stating that benefits were withheld for period in which he was not convicted), 593-95 (same), 600 (letter from Mr. Dixon's counsel before the Fifth Circuit stating that his conviction was "reversed"), 637 (Substantive Appeal quoting 38 C.F.R. § 3.665(m)). The restoration of benefits withheld following the overturning of a conviction on appeal is governed by § 3.665(m). Nonetheless, prior to considering § 3.665(m), the Board focused on § 3.665(i), which provides for the *resumption* of benefits upon release from incarceration, not the *restoration* of benefits based on a conviction reversed on appeal. The Board inexplicably looked to the definition of "conviction" before stating that, "[r]egardless of the meaning of the word conviction" in section 5313, "resumption of payments is triggered by release from incarceration." R. at 5-6. Only after concluding that *resumption* of benefits under § 3.665(i) was not warranted, did the Board turn to *restoration* of benefits under § 3.665(m).

Although the Court is mindful of the purpose of the statute and regulation requiring reduced compensation benefits for veterans incarcerated for conviction of a felony, *see generally Bolton v. Brown*, 8 Vet.App. 185, 192-94 (1995) (Ivers, J., concurring), in this case the Court need not look beyond the plain, clear language of § 3.665(m). *See Good Samaritan Hosp. v. Shalala*, 508 U.S. 402, 409 (1993) ("The starting point in interpreting a statute is its language . . . ."); *Perrin v. United States*, 444 U.S. 37, 42 (1979) ("A fundamental canon of statutory construction is that, unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning."); *Otero-Castro v. Principi*, 16 Vet.App. 375, 380 (2002) (holding that the principles that apply to construing statutes apply equally to regulations). If a veteran's felony conviction is "overturned on appeal," VA must restore any withheld disability compensation benefits (less the amount of any apportionment). 38 C.F.R. § 3.665(m). The common legal meaning of "overturn"

7

can be found in *Black's Law Dictionary*: "To overrule or reverse." BLACK'S LAW DICTIONARY 1137 (8th ed. 2004). The Board stated, without citing any authority, that Mr. Dixon's convictions were not "overturned on appeal" because he was never released from incarceration and because he was subsequently convicted on retrial. R. at 6. Indeed, the Board cannot cite any authority for that conclusion because it is contrary to the plain meaning of "overturned on appeal." Clearly, when the Fifth Circuit "reversed" Mr. Dixon's convictions on appeal, *see Dixon*, 185 F.3d at 407, the convictions were "overturned on appeal" for the purposes of restoration of benefits under § 3.665(m). *See Poland*, 476 U.S. at 152; 46 Fed. Reg. at 47,541. To his credit, the Secretary has so conceded. *See* Secretary's Br. at 6-7. Having accepted Mr. Dixon's argument and the Secretary's concession, the Court will reverse the Board's determination that Mr. Dixon's 1998 conviction was not "overturned on appeal" by the Fifth Circuit in August 1999. *See* 38 C.F.R. § 3.665(m).

## C. Effective Date of Restoration of Benefits

The parties devote the majority of their pleadings to the dispute over the appropriate time period for which Mr. Dixon's benefits should be restored. Because this disputed issue must be addressed by VA in the first instance, the Court will not address it at this time. If the Court were to address the parties' arguments regarding the appropriate period for the restoration of Mr. Dixon's benefits, the Court would be rendering factual findings in the first instance. The Court is prohibited from so doing. *See Hensley v. West*, 212 F.3d 1255, 1263 (Fed. Cir. 2000) (stating that "appellate tribunals are not appropriate fora for initial fact finding"); *Zevalkink v. Brown*, 102 F.3d 1236, 1244 (Fed. Cir. 1996) (stating that this Court "is not a trier of fact and is not in a position to make . . . factual determination[s]"); *see also* 38 U.S.C. § 7261(c).

As the Secretary states, "because the [Board's] decision was predicated upon an erroneous conclusion that [the a]ppellant's conviction was not overturned on appeal, the [Board] was not concerned with developing as a factual matter when [the a]ppellant was convicted subsequent to the August 16, 1999, decision." Secretary's Br. at 13. The determination of when Mr. Dixon was convicted on retrial was not pertinent to the issues decided by the Board because it found restoration was not warranted. Nevertheless, the Board found that May 17, 2000, was the date of Mr. Dixon's second conviction and used that date as the final date of the period for which Mr. Dixon sought restoration of withheld benefits. R. at 1, 2. *But see* R. at 593 (letter from Mr. Dixon stating that he

was convicted on July 6, 2000). However, the Board did not discuss the evidence it relied upon to reach this conclusion. Moreover, the pertinent date to determine the end of the period for which restoration of benefits withheld is warranted is not the date of the second conviction, but is "the 61st day of incarceration." 38 C.F.R. § 3.665(a); *see also* 38 U.S.C. § 5313(a)(1). The Board has not determined what is the 61st date after incarceration for conviction on retrial. These are all factual findings the Court must leave to VA to make in the first instance. *See Hensley*, 212 F.3d at 1263. Finally, although Mr. Dixon argues that the Board would be bound to follow the legal analysis contained in VA General Counsel Opinion 3-2005 on remand (*see* Reply Br. at 13), the Court leaves the potential applicability of this opinion in this case to VA to determine in the first instance as well.

The Court is not convinced by the suggestion in the Secretary's brief that, by expressly arguing before VA that Mr. Dixon is entitled to benefits withheld since August 16, 1999, Mr. Dixon has waived any entitlement to restoration of benefits prior to that date. *See* Secretary's Br. at 7-9. In so arguing, the Secretary loses sight of his duty to read all pro se submissions sympathetically, *see Andrews v. Nicholson*, 421 F.3d 1278, 1283 (Fed. Cir. 2005), and his duty to award "every benefit that can be supported in law," 38 C.F.R. § 3.103(a) (2006); *see Beaty v. Brown*, 6 Vet.App. 532, 536 (1994) (restating the requirement that VA consider a claim "under all applicable provisions of law and regulation whether or not the claimant specifically raises the applicable provision). However, the Secretary is correct that the appellant's argument for a restoration date prior to August 16, 1999, was not presented to VA and it is best addressed by the Agency in the first instance on remand. *See Maggitt v. West*, 202 F.3d 1370, 1377 (Fed. Cir. 2000) (holding, where an appellant raises an issue before the Court that was not raised below, the Court has discretion to determine whether to hear the argument in the first instance); *Gordon v. Principi*, 15 Vet.App. 124, 128 (2001) (remanding matter under *Maggitt*, *supra*, when appellant requested that the Court consider the applicability of a regulation in the first instance that might require the Court to make factual determinations). On remand, VA must determine in the first instance the appropriate starting date of the period for which restoration of withheld benefits is warranted according to law, notwithstanding the appellant's prior assertions that he is entitled to benefits withheld since August 16, 1999.

Another reason that the Court will not reach these disputed issues relates to the possible apportionment of all benefits withheld. *See* Appellant's Br. at 23 (noting the amount of restoration

must be reduced by the amount of apportionment and that the amount of any apportionment is not of record). The regulation providing for the restoration of Mr. Dixon's benefits specifically excludes restoration of benefits that were apportioned. *See* 38 C.F.R. § 3.665(m) (providing for the restoration of benefits withheld "less the amount of any apportionment"). There is evidence of record that Mr. Dixon sought apportionment of his benefits for his dependents. R. at 567. There is also evidence of record suggesting that an apportionment was made. R. at 608, 620. However, there is nothing of record indicating whether *all* of the disability compensation benefits withheld from Mr. Dixon have been apportioned. If all of his withheld benefits were apportioned, then he might not be entitled to restoration of any benefits under § 3.665(m), and any decision by the Court on the effective date of a restoration would amount to nothing more than an advisory opinion. *See Waterhouse v. Principi*, 3 Vet.App. 473, 474 (1992) (holding that the Court does not provide advisory opinions). Accordingly, the issues of the appropriate date on which benefits should be restored and the amount of such restoration are left to VA to decide in the first instance.

### D. Notice

Mr. Dixon also argues that VA violated 38 U.S.C. § 5103(a) by failing to notify him of the need to submit judgment orders that he asserts would establish entitlement to restored benefits. *See* Appellant's Br. at 28. Assuming without deciding that such a notice obligation existed, the judgment orders cited by Mr. Dixon have now been presented to the Secretary and will be in the record on remand. Mr. Dixon has presented no other notice arguments and, thus, has provided no reason for the Court to address the applicability of section 5103(a) any further.

### IV. CONCLUSION

After consideration of Mr. Dixon's and the Secretary's pleadings, and a review of the record, the Board's August 3, 2004, determination that Mr. Dixon's felony convictions were not "overturned on appeal" is REVERSED, and the matter is REMANDED for the possible restoration of benefits in a manner consistent with this opinion. The motion for oral argument is denied. *See Winslow v. Brown*, 8 Vet.App. 469, 471 (1996) (denying motion for oral argument where Court did not believe it would materially assist in disposition of appeal). The pending motions to take judicial notice of

certain judgment orders of the U.S. District Court and to strike portions of Mr. Dixon's brief are denied as moot.