**Designated to be published on February 27, 2009**

**UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS**

No. 04-1690

MARVIN ROBINSON,                               APPELLANT,

      V.

JAMES B. PEAKE, M.D.,
SECRETARY OF VETERANS AFFAIRS,              APPELLEE.

Before GREENE, *Chief Judge*, and KASOLD, HAGEL, MOORMAN,
LANCE, DAVIS, and SCHOELEN, *Judges.*

**O R D E R**

On January 29, 2008, the Court issued a panel decision in the above-captioned appeal, affirming the Board of Veterans' Appeals (Board) decision that denied the appellant VA service connection for heart disease and a thyroid disability. *See Robinson v. Mansfield*, __ Vet.App. __, No. 04-1690 (Jan. 29, 2008). Prior to the issuance of *Robinson*, two judges requested full-Court consideration. *See* Court's Internal Operating Procedures ¶ V(b)(5).

Upon consideration of the foregoing, and there being no majority in favor of the request for full-Court consideration, it is

ORDERED that full-Court consideration is DENIED.

DATED: February 25, 2008                                    PER CURIAM.

KASOLD, *Judge*, dissenting: The underlying panel opinion in this case addresses an issue of exceptional importance that may impact a significant number of cases that come before the Court, and therefore resolution by the full court is warranted. *See* U.S. VET. APP. R. 35(e)(2); *cf. Mayfield v. Nicholson*, 19 Vet.App. 220, 221-22 (2005) (per curiam order) (Kasold, J., concurring) (concurring in the denial of en banc consideration because the underlying opinion "'resolved' the exceptionally important issues" presented).

Although I agree with the proposition that the Board of Veterans' Appeals (Board) need only discuss those theories of service connection (i.e., direct, secondary, presumptive) that are raised by a claimant or otherwise reasonably raised by the record when assessing the merits of the claim and whether a disability is service connected, *see Brannon v. West*, 12 Vet.App. 32, 34 (1998) ("The Board is required to adjudicate all issues reasonably raised by a liberal reading of the appellant's

substantive appeal, including all documents and oral testimony in the record prior to the Board's decision."); *Link v. West*, 12 Vet.App. 39, 47 (1998) (declining to address issues not reasonably raised to the Board), the Board must also ensure that the Secretary has fulfilled his duty to assist in developing the record – and that requires consideration of all theories of service connection. *Schroeder v. West*, 212 F.3d 1265, 1271 (Fed. Cir. 2000) ("[T]he agency's duty to assist . . . attaches to the investigation of *all* possible in-service causes of that current disability . . . ."). This is because a claimant and his counsel generally are not competent to testify as to the genesis of a disability; indeed they may have no idea that a disability may be secondary to another disability. *See Schroeder*, 212 F.3d at 1271 (investigation of in-service causes of a disability "includ[es] those [causes] unknown to the veteran"); *Kern v. Brown*, 4 Vet.App. 350, 353 (1993) (finding appellant's attorney not competent to provide an explanation of the importance of clinical evidence); *Espiritu v. Derwinski*, 2 Vet.App. 492, 494-95 (1992) (stating that a lay person can provide an account of the veteran's symptoms but not a diagnosis that requires medical knowledge). The majority in the underlying opinion fail to recognize the need for the Board to consider all theories of service connection with regard to whether the duty to assist has been fulfilled, and therefore do not address the adequacy of the Board decision with regard to its determination that the duty to assist has been fulfilled.

Having found no error in the Board's failure to address all theories of service connection, the majority in the underlying opinion, in their discretion,[1] determine that remand is not warranted so that the Board might consider service connection on a direct theory basis. The majority do so, however, in large part because Mr. Robinson was represented below and only raised this theory for the first time on appeal to the Court. *See Robinson v. Peake*, __ Vet.App. at __, __, No. 04-1690, slip op. at 10-12 (Jan. 29, 2008). Although I believe that whether a claimant is represented below is relevant when weighing remand for Board consideration of an issue first raised on appeal to the Court, I also believe that the majority erred by not giving due consideration to the nature of the issue or the changes in caselaw that occurred during the adjudication of Mr. Robinson's claim. *See Maggitt v. West*, 202 F.3d 1370, 1378 (Fed. Cir. 2000) ("Whether the doctrine of exhaustion should be invoked thus entails a case-by-case analysis of the competing individual and institutional interests . . . .").

For example, a remand may not be warranted where the appellant did not assert to the Board good cause for failing to report to a VA medical examination, or did not assert below that he was not notified of a scheduled VA medical examination, or did not provide documents or information

---

[1] I agree with the majority's determination in the underlying case that issue exhaustion is not required as a matter of law, but rather is a matter for the exercise of sound judicial discretion. *Compare Maggitt*, 202 F.3d. at 1378 (holding that whether issue exhaustion is invoked "entails a case-by-case analysis"), *with Sims v. Apfel*, 530 U.S. 103 (2000) (holding in a 4-1-4 opinion – which requires close consideration of Justice O'Connor's concurring opinion to properly apply – that issue exhaustion is not required for appeals in Social Security cases); *compare Dixon v. Nicholson*, 20 Vet.App. 544, 550 (2006) (remanding an argument raised for the first time to the Court pursuant to *Maggitt*), *with Howell v. Nicholson*, 19 Vet.App. 535, 540 (2006) (electing not to address notice errors raised for the first time to the Court under *Maggitt*).

within his control despite having been notified to do so. A common element in these examples is that the claimant had personal knowledge of pertinent facts or control over pertinent information, yet never presented it below. In the absence of some exceptional circumstances, granting a remand based on such arguments raised for the first time on appeal to the Court would create a sham of the entire administrative process and the rule of finality, foster piecemeal litigation, and undercut the well-established rule that a claimant has the responsibility to present and support his claim. *See Maggitt*, 202 F.3d at 1377 (noting the institutional interests of protecting agency administrative authority and promoting judicial efficiency); *see also* 38 U.S.C. § 7105(d)(3) (directing that an appeal to the Board should specify allegations of error related to adjudication of the claim); *Cook v. Principi*, 318 F.3d 1334, 1339 (Fed. Cir. 2002) (stating that the rule of finality is designed to "preclude repetitive and belated readjudication of veterans' benefits claims"); *Hyatt v. Nicholson*, 21 Vet.App. 390, 394-95 (noting the claimant's role is not a passive one); 38 C.F.R. § 20.202 (2007).

On the other hand, the origin of a disability is a necessary component of establishing service connection that generally must be established by medical evidence, *see Duenas v. Principi*, 18 Vet.App. 512, 519 (2004) (per curiam) (reiterating "medical evidence of incurrence or aggravation of a disease or injury in service" as an element of service connection), and whether a disability is service connected is a primary issue for decision by the Board. *Elkins v. Gober*, 229 F.3d 1369, 1377 (Fed. Cir. 2000). Because neither the claimant nor counsel generally is competent to assess the medical nexus or the genesis of a disability, it follows that neither is competent to determine that a particular disability may be secondary to another disability, or caused by any particular event. *See Kern*, 4 Vet.App. at 353; *Espiritu*, 2 Vet.App. at 494-95. Claimants are required to present evidence, but it is the Secretary and the Board that are required to consider the applicable law, and the law requires the Secretary to consider all causes of the disability, even "those unknown to the veteran," so that it can be determined whether or not the disability is service connected. *See Schroeder*, 212 F.3d at 1271.

Additionally, specific to the facts in *Robinson*, the caselaw regarding whether separate theories constitute separate claims changed while this appeal was pending before the Court. When the Board issued its decision in May 2004, theories of service connection were considered to be separate and distinct claims. *See Perman v. Brown*, 5 Vet.App. 237, 239 (1993). Although I agree with the majority in the underlying opinion that the Federal Circuit's decisions in *Schroeder*, 212 F.3d at 1265, and *Bingham v. Principi*, 421 F.3d 1346 (Fed. Cir. 2005), combined to reject this concept, I highlight that this rejection is sub silentio and dependent on at least one case–*Bingham* – that was decided after the May 2004 Board decision. Otherwise stated, it was not until after the May 2004 Board rendered its decision that it became clear that, once a case becomes final, a theory of service connection not raised or discussed in one claim could no longer be raised as a separate, initial claim. These circumstances – the fact that neither claimant nor counsel is competent to testify as to medical nexus and the change or clarification of the law that a theory of service connection could not serve as a new claim – are factors that should have been considered when assessing whether remand was appropriate in this instance, and I believe they weigh heavily in favor of remand.

For these reasons, I respectfully dissent from the denial of en banc consideration in the underlying case.