# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 99-53

CHARLES J. HARRIS, APPELLANT,

V.

TOGO D. WEST, JR.,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before KRAMER, HOLDAWAY, and STEINBERG, *Judges*.

## O R D E R

In a single-judge memorandum decision dated February 15, 2000, the Court affirmed an October 1998 decision of the Board of Veterans' Appeals (Board or BVA) that determined that the appellant's claims for service connection for hemorrhoids and a back disability were not well grounded. On March 6, 2000, the Court received a motion for reconsideration and an alternative motion for a panel decision. The Court will grant the motion for a panel decision and issue this order to replace the February 2000 memorandum decision. The Court has jurisdiction over the case under 38 U.S.C. § 7252(a). For the reasons that follow, the Court will affirm the decision of the Board.

The appellant served in the U.S. Army Reserve on active duty for training from August 15 to August 29, 1953; from August 1 to August 15, 1954; from August 7 to August 21, 1955; and from August 4 to August 19, 1956. His service medical records were not available, presumably because they were lost in the 1973 fire at the National Personnel Records Center.

Postservice medical records reported that the appellant was involved in an automobile accident in February 1962 and injured his back. One medical report noted that he did not have a history of any other prior injuries. In August 1962, the appellant was treated for rectal bleeding. The medical report indicated that the appellant had had rectal bleeding for about thirty days and that he had had a previous episode while serving at Fort Gordon, Georgia, in 1955.

In November 1994, the appellant filed an application for service connection for a back injury and for hemorrhoids. In January 1996, a VA regional office (VARO) denied the appellant's claims. The appellant timely appealed the decision to the BVA. The appellant testified before a traveling section of the Board that he had sustained an injury to his back and had suffered from rectal bleeding while serving at Fort Gordon in 1954, and, at some point, submitted an "INDIVIDUAL SICK SLIP" verifying that he was sick on August 11, 1954. He stated that he was diagnosed at that time with a strained back and with bloody hemorrhoids. He also testified that he had had these problems continually since service. At the hearing, the appellant submitted several statements from

individuals who had served with him at Fort Gordon. These statements reflected that the appellant had been sent to the infirmary for treatment for a back injury and for hemorrhoids.

On appeal to the BVA, the Board denied the appellant's claims as not well grounded. The Board found that there was no medical evidence of a nexus between the appellant's back injury or rectal bleeding in the 1950s and his current allegations of a back disability and hemorrhoids.

"[A] person who submits a claim for benefits under a law administered by the Secretary shall have the burden of submitting evidence sufficient to justify a belief by a fair and impartial individual that the claim is well grounded." 38 U.S.C. § 5107(a). A well-grounded claim is "a plausible claim, one which is meritorious on its own or capable of substantiation. Such a claim need not be conclusive but only possible to satisfy the initial burden of [section 5107(a)]." *Murphy v. Derwinski*, 1 Vet.App. 78, 81 (1990). For a service-connection claim to be well grounded, there generally must be (1) medical evidence of a current disability; (2) medical evidence, or in certain circumstances lay evidence, of in-service incurrence or aggravation of a disease or injury; and (3) medical evidence of a nexus between the asserted in-service injury or disease and the current disability. *See Caluza v. Brown*, 7 Vet.App. 498, 506 (1995), *aff'd per curiam*, 78 F.3d 604 (Fed. Cir. 1996) (table); *see also Elkins v. West*, 12 Vet.App. 209, 213 (1999) (en banc) (citing *Caluza*, *supra*, and *Epps v. Gober*, 126 F.3d 1464, 1468 (Fed. Cir. 1997) (expressly adopting definition of well-grounded claim set forth in *Caluza*, *supra*)). In addition, when a claim is based on a period of active duty for training (38 U.S.C. § 101(22)), there must be evidence that the individual concerned died or became disabled during the period of active duty for training as a result of a disease or injury incurred or aggravated in the line of duty. *See* 38 U.S.C. §§ 101(2), 101(24); 1110; *Mercado-Martinez v. West*, 11 Vet.App. 415, 419 (1998). In the absence of such evidence, the period of active duty for training would not qualify as "active military, naval, or air service" and the claimant would not achieve veteran status for purposes of that claim. 38 U.S.C. § 101(24); *see* 38 U.S.C. § 101(2), 1110; *Mercado-Martinez, supra*. The credibility of the evidence presented in support of a claim is generally presumed when determining whether it is well grounded. *See Elkins*, 12 Vet.App. at 219 (citing *Robinette v. Brown*, 8 Vet.App. 69, 75-76 (1995)). The determination whether a claim is well grounded is subject to de novo review by this Court. *See Robinette*, 8 Vet.App. at 74.

Assuming that the appellant injured his back and suffered from rectal bleeding while on a period of active duty for training, he has not submitted any medical evidence that he was *disabled* during his period of active duty for training as a result of any such injury or symptoms. Nor has he submitted any medical evidence of his current conditions. The most recent medical evidence of record is 1962. Also, there is no medical evidence linking the appellant's alleged current back condition or hemorrhoids to a back injury and rectal bleeding in service. Accordingly, the Court holds, on de novo review, that the appellant has not submitted a well-grounded claim because there is neither medical evidence of a nexus between service and any present disability that he may have (*see Epps, Elkins, Robinette,* and *Caluza*, all *supra*), nor evidence of veteran status (i.e., evidence that he became disabled during a period of active duty for training), *see Mercado-Martinez, supra*).

Upon consideration of the foregoing and the record on appeal, it is

ORDERED that the appellant's motion for reconsideration or a panel decision is accepted for filing on the date received.  It is further

ORDERED that the appellant's motion for a panel decision is granted.  The February 15, 2000, memorandum decision, which relied upon *Laruan v. West*, 11 Vet.App. 80 (1998), *overruled by D'Amico v. West*, __ F.3d __, No. 99-7110 (Fed. Cir. Apr. 7, 2000), is withdrawn and this order is issued in its stead.  The October 1998 Board decision is AFFIRMED.

DATED:  May 19, 2000                                        PER CURIAM.