﻿Citation Nr: AXXXXXXXX
Decision Date: 01/17/19 Archive Date: 01/16/19

DOCKET NO. 180822-135
DATE: January 17, 2019

ORDER

Service connection for tinnitus is granted.

FINDINGS OF FACT

1. A February 2016 Disability Benefits Questionnaire (DBQ) from Dr. S. shows a diagnosis of tinnitus related to rifle qualification. 

2. Resolving reasonable doubt in the appellant’s favor, tinnitus is related to ACDUTRA service.

CONCLUSION OF LAW

The criteria for service connection for tinnitus have been met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.6, 3.102, 3.303.

REASONS AND BASES FOR FINDINGS AND CONCLUSION

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The appellant chose to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program. This decision has been written consistent with the new AMA framework.

The appellant served in the U.S. Marine Corps Reserve from November 1965 to June 1967 with period of active duty for training (ACDUTRA) from June 1966 to July 1966 and from June 1967 to June 1967.

This matter is before the Board of Veterans’ Appeals (Board) on appeal from a June 2018 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO). The appellant selected the Supplemental Claim lane option when he submitted the RAMP election form. Accordingly, the June 2018 RAMP rating decision considered the evidence of record prior to the issuance of the RAMP rating decision. The appellant timely appealed to the Board and requested review of the evidence submitted.

Prior to opting into RAMP, the appellant had requested a Board hearing, but subsequently withdrew his request in August 2018.

Entitlement to service connection for tinnitus.

The appellant seeks service connection for tinnitus. He asserts it was due to a lack of hearing protection from weapons fire noise exposure at rifle qualification practices during active duty trainings. See July 2013 VA Form 21-4138, Statement in Support of Claim; December 2018 correspondence. He denies excessive exposure to noise or trauma since separation from Reserve service.

In the June 2018 RAMP decision, the AOJ presumed the receipt of new and relevant evidence to reconsider service connection for tinnitus on the merits. The AOJ also found that a Disability Benefits Questionnaire (DBQ) from Dr. S. dated February 5, 2016, shows a diagnosis of tinnitus related to rifle qualification. The Board is bound by these favorable findings. AMA, Pub. L. No. 115-55, § 5104A, 131 Stat. 1105, 1106-07.

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated during active service. 38 U.S.C. §§ 1110, 1131 (2012); 38 C.F.R. § 3.303 (a) (2017). Generally, in order to establish service connection, there must be competent, credible evidence of (1) a current disability, (2) in-service incurrence or aggravation of an injury or disease, and (3) a nexus, or link, between the current disability and the in-service disease or injury. See Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009).

Service connection can be granted for a veteran in any period of ACTDUTRA during which the individual concerned was disabled or died from a disease or injury incurred or aggravated in the line of duty and any period of inactive duty for training (INACDUTRA) during which the individual concerned was disabled or died from an injury incurred or aggravated in the line of duty or from an acute myocardial infarction, a cardiac arrest, or a cerebrovascular accident which occurred during such training. 38 U.S.C. § 101(24); 38 C.F.R. § 3.6.

Veteran status must be established as a condition of eligibility for service-connection. Bowers v. Shinseki, 26 Vet. App. 201, 206 (2013) (observing that it is “axiomatic that, to receive VA disability compensation benefits, an appellant must first establish veteran status”). To establish veteran status based on a period of active duty for training (ACDUTRA), a claimant’s disability must relate to a disease or injury that was incurred or aggravated during the period of ACDUTRA. 38 U.S.C.A. § 101 (24) (2012); 38 C.F.R. § 3.1 (a), (d) (2017); Harris v. West, 13 Vet. App. 509, 511 (2000). 

Unless and until veteran status is established for any period of ACDUTRA, the presumptions of soundness and aggravation as well as the presumptions of service connection accorded to certain diseases under the statute and pertinent regulations do not apply. See 38 U.S.C.A. §§ 1111, 1153 (West 2014); Bowers, 26 Vet. App. at 206-07.

For the reasons that follow, the Board finds that service connection is warranted.

Service personnel records reflect two periods of ACDUTRA from June 13, 1966 to July 23, 1966, and from June 12 ,1967 to June 29, 1967.

The AOJ found that the appellant has a current diagnosis of bilateral tinnitus. See December 2014 medical treatment record. He reported an injury sustained during ACDUTRA (i.e. excess noise exposure from weapons qualification without hearing protection). The appellant is competent to report the symptoms he has observed and the noise exposure experienced; thus, the Board finds his reports to be credible. Layno v. Brown, 6 Vet. App. 465 (1994). Therefore, the question is whether there is a causal relationship between the two.

A September 2014 private treatment record shows an audiologist opined the appellant’s tinnitus is at least as likely as not due to his bilateral hearing loss disability, which was due to his reported history of loud noise exposure during ACDUTRA. 

In February 2016, the appellant submitted a DBQ completed by Dr. S., a private audiologist. Dr. S. opined that the appellant’s tinnitus is at least as likely as not caused by military noise exposure. A rationale was not provided.

In December 2018, the appellant and S.S.B. submitted letters in support of his claim. The appellant asserted that training as a rifleman with an M-14 rifle for at least 10 hours at a time, continuously for 2 weeks without hearing protection caused his tinnitus disability. He has had tinnitus since then. Both the appellant and S.S.B. denied that he had civilian occupational and recreational noise exposure.

The appellant is competent to report symptoms such as ringing in the ears and to note when these symptoms first manifested. See Jandreau v. Nicholson, 492 F. 3d 1372, 1377 & n4 (Fed. Cir. 2007); Washington v. Nicholson, 19 Vet. App. 362, 368 (2005). The September 2014 audiology opinion strongly suggests a link between the ACDUTRA noise exposure and tinnitus, by way of associated hearing loss. The September 2016 opinion provides a direct causal link between tinnitus and ACDUTRA service. Thus, service connection for tinnitus is warranted. See 38 C.F.R. § 3.303. The grant of service connection for tinnitus establishes the appellant’s veteran status. See Paulson v. Brown, 7 Vet. App. 466, 470 (1995).

 

D. JOHNSON

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD M. Tang, Associate Counsel